No. 05-621

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 204N

MICHAEL McINENLY,

        Plaintiff and Respondent,

    v.

KEITH and MARIE SWINGER,

        Defendants and Appellants.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2004-1093,
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Keith and Marie Swinger, *Pro Se,* Missoula, Montana

        For Respondent:

        Thomas W. Trigg, ASUM Legal Services, Missoula, Montana

Submitted on Briefs:  June 21, 2006

Decided:  August 23, 2006

Filed:

_____
               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Appellants Keith and Marie Swinger appeal from the order of the Fourth Judicial District Court awarding damages to Respondent Michael McInenly for Appellants' failure to maintain a habitable rental unit.  We affirm.

¶3     After inspecting rental units owned by Appellants Keith and Marie Swinger (Swingers) on November 12, 2003, building inspector Stephen John Hutchings determined that the units violated building codes in various respects and were unsafe to occupy.   Accordingly, the City of Missoula ordered all residents of the building, including Respondent Michael McInenly (McInenly), to vacate within five days.  Though McInenly vacated shortly thereafter, the Swingers refused to refund his security deposit, and sought additional compensation of more than $200.  Thereafter, McInenly instituted this multiple count action for, among other things, failure to deliver possession of a rental property and breach of warranty of habitability.  The District Court ruled in McInenly's favor on August 19, 2005, and awarded McInenly $1,500 in damages.

¶4      It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶5      After hearing evidence from both the Swingers and McInenly, the District Court determined that the Swingers (a) failed to provide a habitable rental unit, (b) refused to accept responsibility for the substandard condition of their rental units, and (c) wrongfully withheld money from McInenly's security deposit. Accordingly, the court ruled that the Swingers wrongfully breached their duty to deliver possession of the rental unit, *see* § 70-24-302, MCA; breached their duty to provide fit and habitable housing required by the Montana Residential Landlord/Tenant Act, *see* § 70-24-303, MCA; and further violated various other laws and duties owed to McInenly. Though the Swingers blame the District Court's adverse judgment on their now-fired attorney, and further argue that the District Court's findings of fact are clearly erroneous, we cannot agree. Rather, after reviewing the record, it is evident that the District Court's findings of fact are supported by substantial evidence and thus not clearly erroneous, and the conclusions of law correctly entered. Notwithstanding the work of the Swingers' former attorney, the

3

judgment entered herein against the Swingers for failure to safely manage their rental units was properly supported by evidence and based upon a proper application of the law.

¶6     Affirmed.


/S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS

4